**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/29/2021___
```

**Cyril Sheppard,**

                                              **Plaintiff,**

              **-against-**

**Department of Corrections, et al.,**

                                              **Defendants.**

**1:20-cv-09405 (JPC) (SDA)**

**ORDER OF SERVICE**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff Cyril Sheppard, currently incarcerated at the Vernon C. Bain Center, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that jail officials are failing to protect him from

contracting COVID-19.[1] By Order dated February 1, 2021, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[2] (Order, ECF No. 13.) Plaintiff

filed a Second Amended Complaint on March 17, 2021. (Second Am. Compl., ECF No. 17.) The

Court directs service on Defendants Egan and Yang, and requests that Defendant Brann waive

service of summons.

**A.    Defendants Yang and Egan**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d

Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

---

[1] Plaintiff Sheppard filed his original complaint with 49 other detainees. On November 9, 2020, the Court severed the matter into separate civil actions. (*See* 20-CV-08407, ECF No. 7.) This action is one of those severed actions. Plaintiff Sheppard is the only Plaintiff in this action.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1).

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Second Amended Complaint until the Court reviewed the Second Amended Complaint and ordered that summonses be issued for Defendants Egan and Yang. The Court therefore extends the time to serve Defendants Egan and Yang until 90 days after the date that summonses are issued for those defendants. If the Second Amended Complaint is not served on Defendants Egan and Yang within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the Second Amended Complaint upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**   **Defendant Brann**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Commissioner Cynthia Brann waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendant Brann waive service of summons.

The Clerk of Court is further instructed to: (1) issue summonses for Defendants Egan and Yang, (2) complete USM-285 forms with the addresses for Defendants Egan and Yang, and (3) deliver all documents necessary to effect service of the Second Amended Complaint (ECF No. 17) on Defendants Egan and Yang to the U.S. Marshals Service.

The Clerk of Court also is directed to mail a copy of this Order to Plaintiff along with an information package.

**SO ORDERED.**

DATED:      New York, New York
            March 29, 2021

_____
STEWART D. AARON
United States Magistrate Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.    Patricia Yang
      Senior Vice President for Correctional Health Services
      for NYC Health + Hospitals
      55 Water Street
      18th Floor
      New York, New York 10041

2.    Margaret Egan
      Executive Director of the Board of Correction
      1 Centre Street
      Room 2213
      New York, New York 10007